## Auto Security Company, Inc., v. Burrs.

*Replevin — Counter-bond — Filing bond nunc pro tunc—Act of May 17, 1923.*

Under section 3 of the Replevin Act of April 19, 1901, P. L. 88, as amended by the Act of May 17, 1923, P. L. 249, one who claims property replevied is required to file a counter-bond within seventy-two hours after the goods or chattels have been replevied, and although that time may be extended by the court, or in vacation by a judge at chambers, upon cause shown, the court is without power to permit a counter-bond to be filed *nunc pro tunc* in a case where the seventy-two hours have elapsed and there has been no extension.

Rule for leave to file counter-bond in replevin *nunc pro tunc.* C. P. No. 5, Phila. Co., Dec. T., 1923, No. 1859.

*D. S. Malis,* for plaintiff; *A. H. Coggins,* for defendant.

MARTIN, P. J., June 9, 1924.—Plaintiff purchased an automobile and leased it to defendant. Default having been made by defendant in the payment of rent, plaintiff, pursuant to the terms of the lease, issued a writ of replevin on Dec. 10, 1923, which was served the same day and the automobile seized by the sheriff. No counter-bond having been entered within the statutory period of seventy-two hours, the possession of the automobile was delivered to plaintiff.

Upon presentation of a petition by defendant on Dec. 26, 1923, averring that plaintiff had agreed to extend the period for payment of rent, and that the writ of replevin issued before the expiration of the extended time, and that plaintiff lulled defendant into failing to file a counter-bond by agreeing on the day following the issuing of the writ of replevin to accept payment of the balance due under the terms of the lease and to return the automobile to defendant, and that defendant subsequently tendered the full amount of the balance due, in addition to interest and costs, which plaintiff refused to accept, this rule was entered to show cause why defendant should not be permitted to file a counter-bond *nunc pro tunc.*

An answer was filed denying the material allegations of the petition. Depositions were taken by both parties, presenting conflicting testimony.

The replevin suit was instituted under the Act of May 17, 1923, P. L. 249, which permits the filing of a counter-bond within seventy-two hours after the property has been replevied. The proceeding is statutory, and the provision for filing a counter-bond is not subject to change or modification by the court: Stern v. Yates, 25 Dist. R. 474.

And now, to wit, June 9, 1924, the rule for leave to file a counter-bond *nunc pro tunc* is discharged, without prejudice to any right defendant may possess to recover damages from plaintiff for breach of contract.